# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC. and <br> UNILOC 2017, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ZTE (USA), INC. and ZTE (TX), INC., <br><br> Defendants. | Case No. 2:18-cv-307 <br><br> **PATENT CASE** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. and Uniloc 2017, LLC (together, "Uniloc"), for their complaint against defendants, ZTE (USA), INC. and ZTE (TX), Inc. (together "ZTE"), allege as follows:

## THE PARTIES

1. Uniloc USA, Inc. is a Texas corporation having a regular and established place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano, Texas 75024.

2. Uniloc 2017, LLC is a Delaware corporation having an address at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3. ZTE (USA), Inc. is a New Jersey corporation having a principal place of business at 2425 North Central Expressway, Suite 800, Richardson, Texas 75080. ZTE (USA), Inc. may be served with process through its registered agent for service in Texas: Jing Li, 2425 North Central Expressway, Suite 800, Richardson, Texas 75080.

4. ZTE (TX), Inc. is a Texas corporation having a principal regular and established place of business at 2500 Dallas Parkway, Plano, Texas 75093. ZTE (USA), Inc. may be served

with process through its registered agent for service in Texas: Ferguson, Braswell & Fraser, P.C., 2500 Dallas Parkway, Suite 501, Plano, Texas 75093.

5. ZTE makes, uses, offers for sale, sells and/or imports products into the United States for sale to customers in this judicial district and throughout the United States, including those accused of infringement herein.

## JURISDICTION AND VENUE

6. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(d) and 1400(b). ZTE has a regular and established place of business, and has committed acts of infringement, in this judicial district.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 6,993,049)

8. Uniloc incorporates paragraphs 1-7 above by reference.

9. Uniloc 2017, LLC is the owner, by assignment, of U.S. Patent No. 6,993,049 ("the '049 Patent"), entitled COMMUNICATION SYSTEM, which issued on January 31, 2006. A copy of the '049 Patent is attached as Exhibit A.

10. Uniloc USA, Inc. is the exclusive licensee of the '049 Patent, with ownership of substantial rights therein, including the right to exclude others, and to enforce and recover past damages for infringement.

11. The '049 Patent describes in detail and claims in various ways inventions in systems and devices developed by Koninklijke Philips Electronics N.V. for improved communication of data therebetween using polling of secondary devices by a primary device.

12. The '049 Patent describes problems and shortcomings in the then-existing field of communications between devices and describes and claims novel and inventive technological improvements and solutions to such problems and shortcomings. The technological improvements and solutions described and claimed in the '049 Patent were not conventional or generic at the time of their respective inventions but involved novel and non-obvious approaches to the problems and shortcomings prevalent in the art at the time.

13. The inventions claimed in the '049 Patent involve and cover more than just the performance of well-understood, routine and/or conventional activities known to the industry prior to the invention of such novel and non-obvious systems and devices by the '049 Patent inventor.

14. The inventions claimed in the '049 Patent represent technological solutions to technological problems. The written description of the '049 Patent describes in technical detail each of the limitations of the claims, allowing a person of ordinary skill in the art to understand what the limitations cover and how the non-conventional and non-generic combination of claim elements differ markedly from and improved upon what may have been considered conventional or generic.

15. ZTE imports, uses, offers for sale, and sells in the United States electronic devices that utilize Bluetooth Low Energy version 4.0 and above, including those designated: ZTE nubia V18, ZTE nubia N3, ZTE Blade V9 Vita, ZTE Blade V9, ZTE Tempo Go, ZTE Blade A3, ZTE Blade A6, ZTE Maven 2, ZTE Blade X, ZTE Axon M, ZTE nubia Z17s, ZTE nubia Z17 miniS, ZTE nubia Z17 lite, ZTE Blade Z Max, ZTE Grand X View 2, ZTE Blade V7 Plus, ZTE nubia N2, ZTE nubia M2, ZTE nubia M2 lite, ZTE nubia M2 Play, ZTE nubia Z17, ZTE Axon 7s, ZTE Max XL, ZTE nubia Z17 mini, ZTE Blade A520, ZTE nubia N1 lite, ZTE Blade V8 Mini,

ZTE Blade V8 Lite, ZTE Hawkeye, ZTE Blade V8 Pro, ZTE Blade V8, ZTE Axon 7 Max, ZTE Grand X4, ZTE nubia Z11 mini S, ZTE Axon 7 mini, ZTE Zmax Pro, ZTE nubia N1, ZTE nubia Z11 Max, ZTE nubia Z11, ZTE Grand X Max 2, ZTE nubia Z11 mini, ZTE Blade L5 Plus, ZTE Blade V Plus, ZTE Blade A610, ZTE Blade A512, ZTE Axon Max, ZTE nubia Prague S, ZTE Blade S7, ZTE Axon mini, ZTE Axon Lux, ZTE Blade S6, ZTE Star 2, ZTE Grand Memo II LTE, ZTE Warp 4G, ZTE Vital N9810, ZTE Geek V975, ZTE Grand Memo V9815, ZTE Grand S. ZTE Blade Force, ZTE Tempo X, ZTE Blade A601, ZTE Blade A2 Plus, ZTE Blade V7 Max, ZTE Warp 7, ZTE Axon 7, ZTE Blade A452, ZTE Blade V7, ZTE Blade A2, ZTE Blade A910, ZTE Blade V7 Lite, ZTE Grand X 3, ZTE Avid Plus, ZTE Blade X9, ZTE Blade X5, ZTE Blade X3, ZTE Axon, ZTE Zmax 2, ZTE Axon Elite, ZTE nubia My Prague, ZTE Boost Max+, ZTE Blade A460, ZTE Blade D6, ZTE Axon Pro, ZTE Blade A410, ZTE Obsidian, ZTE Grand X2, ZTE Sonata 2, ZTE Blade Apex 3, ZTE Maven, ZTE Blade Q Pro, ZTE Blade Qlux 4G, ZTE nubia Z9, ZTE Blade S6 Plus, ZTE nubia Z9 Max, ZTE nubia Z9 mini, ZTE Open L, ZTE Grand S3, ZTE Blade L3 Plus, ZTE Blade L3, ZTE V5 Lux, ZTE Imperial II, ZTE Grand X Max+, ZTE Grand X Plus Z826, ZTE Speed, ZTE Grand S II, ZTE Grand S Pro, ZTE Zinger, ZTE Grand Xmax, ZTE Zmax, ZTE Blade Vec 4G, ZTE Blade Vec 3G, ZTE nubia Z5S mini NX405H, ZTE nubia Z7, ZTE nubia Z7 Max, ZTE nubia Z7 mini, ZTE Blade G2, ZTE Redbull V5 V9180, ZTE Star 1, ZTE nubia X6, ZTE Iconic Phablet, ZTE Grand S II S291, ZTE nubia Z5S, ZTE nubia Z5S mini NX403A, ZTE Grand S Flex, ZTE Blade Q Maxi, ZTE Blade Q, ZTE Blade V, ZTE Reef, ZTE Imperial, ZTE Blade III Pro, ZTE Grand X2 In, ZTE Grand X Pro, ZTE Grand X Quad V987, ZTE Blade III Pro, ZTE nubia Z5, ZTE Flash, ZTE Warp Sequent, ZTE Grand X LTE T82, AT&T Primetime, AT&T TREK 2HD and ZTE ZPAD8 (collectively "Accused Infringing Devices").

16. The Accused Infringing Devices are electronic devices that implement communications systems wherein a first or primary device broadcasts messages including data to a second or secondary device to poll the second or secondary device that may respond to the first or primary device when the second or secondary device has data to transmit to the first or primary device.

17. ZTE has infringed, and continues to infringe, claims of the '049 Patent in the United States, including claims 1-6, 8-9 and 11, by making, using, offering for sale, selling and/or importing the Accused Infringing Devices in violation of 35 U.S.C. § 271(a).

18. ZTE specifically, knowingly and intentionally incorporates into the Accused Infringing Devices components and software that enable the devices to operate automatically as described above to infringe the '049 Patent.

19. In its marketing, promotional and/or instructional materials, including those identified below, ZTE also specifically and intentionally instructs its customers to use the Accused Infringing Devices in a manner that causes the devices to send and receive data packets in accordance with Bluetooth Low Energy version 4.0 and above functionality.

20. ZTE has infringed, and continues to infringe, claims 1-6, 8-9 and 11 of the '049 Patent by actively inducing others to use, offer for sale, and sell the Accused Infringing Devices. ZTE's customers who use those devices in accordance with ZTE's instructions infringe claims 1-6, 8-9 and 11 of the '049 Patent, in violation of 35 U.S.C. § 271(a). ZTE intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and user guides, and other instructional and marketing materials, such as those located at one or more of the following:

- www.zteusa.com

- www.zteusa.com/[device name, e.g. "blade-z-max"]

- www.zteusa.com/products/smartphone

- www.zteusa.com/products/all-phones

- www.zteusa.com/products/phones/carrier/straighttalk

- www.zteusa.com/compare/

- www.zteusa.com/support_page/

- www.zteusa.com/media/wysiwyg/ZTE-Avid/ZTE_Avid_TM_4G_User_Manual_English_-_PDF_-_1.25MB_.pdf

- www.zteusa.com/media/wysiwyg/zte-speed/ZTE_Speed_ User_Guide_English_-_PDF_-_2.48MB_.pdf

- https://zte-iqorsupport.custhelp.com/ci/fattach/get/4028/0/filename/ZTE+BLADE+FORCE+User+Manual+V1.2-0911.pdfwww.

- https://zte-iqorsupport.custhelp.com/ci/fattach/get/85/0/filename/ZTE_nubia_5_User_Guide_English_-_PDF_-_207KB_.pdf

- www.youtube.com/user/ZTEUSAInc

- www.youtube.com/user/ztedevice

- www.youtube.com/watch?v=z4AZL2F2oBo

- www.youtube.com/watch?v=aGXD3tLP9OU

- www.youtube.com/watch?v=B2PE86MRt3w

- www.youtube.com/watch?v=o4vKU-bC7Ew

- www.youtube.com/watch?v=Gm0V1csTUZc

- www.youtube.com/watch?v=WrLgGwdlxUU

- www.youtube.com/watch?v=fnWxgDAKCKc

- www.youtube.com/watch?v=J3X0ZMyYCHE

- www.youtube.com/watch?v=HWIjMdDKTx4

ZTE is thereby liable for infringement of the '049 Patent under 35 U.S.C. § 271(b).

21. ZTE has also infringed, and continues to infringe, claims 1-6, 8-9 and 11 of the '049 patent by offering to sell, selling and/or importing the Accused Infringing Devices which devices are used in practicing the processes, or using the systems, of the '049 patent, and constitute a material part of the invention. ZTE knows portions of the Accused Infringing Devices to be especially made or especially adapted for use in infringement of the '049 patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. ZTE is thereby liable for infringement of the '049 Patent under 35 U.S.C. § 271(c).

22. ZTE will have been on notice of the '049 Patent since, at the latest, the service of this complaint upon it. By the time of trial, ZTE will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of claims 1-6, 8-9 and 11 of the '049 Patent by others, including its customers. ZTE has also been on notice of Uniloc's infringement allegations and theory of infringement since that date of service, and thus has known that its continued actions would induce and contribute to the infringement of claims of the '049 Patent. Despite that, and as further evidence of its intent, ZTE has refused to discontinue its infringing acts and has also induced infringement by failing to remove or distinguish infringing features of the Accused Infringing Devices or otherwise place a non-infringing limit on their use.

23. By the time of trial, ZTE will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of claims 1-6, 8-9 and 11 of the '049 Patent.

24. ZTE may have infringed the '049 Patent through other software and devices utilizing the same or reasonably similar functionality, including other versions of the Accused Infringing Devices.

25. Uniloc has been damaged by ZTE's infringement of the '049 Patent.

## **PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against ZTE:

(A) declaring that ZTE has infringed the '049 Patent;

(B) awarding Uniloc its damages suffered as a result of ZTE's infringement of the '049 Patent;

(C) awarding Uniloc its costs, attorneys' fees, expenses, and interest, and

(D) granting Uniloc such further relief as the Court finds appropriate.

## **DEMAND FOR JURY TRIAL**

Uniloc demands trial by jury, under Fed. R. Civ. P. 38.

Date: July 23, 2018.                    Respectfully submitted,


*/s/ Edward R. Nelson III*
Paul J. Hayes
Massachusetts State Bar No. 227000
Kevin Gannon
Massachusetts State Bar No. 640931
Aaron Jacobs
Massachusetts State Bar No. 677545
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: kgannon@princelobel.com
Email: ajacobs@princelobel.com

Edward R. Nelson III
ed@nbafirm.com
Texas State Bar No. 00797142
Anthony M. Vecchione
anthony@nbafirm.com
Texas State Bar No. 24061270
Shawn Latchford
shawn@nbafirm.com
Texas State Bar No. 24066603
**NELSON BUMGARDNER ALBRITTON PC**
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111
Fax: (817) 377-3485

**ATTORNEYS FOR THE PLAINTIFFS**